IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUSTIN EUGENE EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NASHVILLE FILM INSTITUTE, LLC, )<br>)<br>Defendant. ) | CASE NO. 3:21-cv-00255<br><br>Judge Trauger |

## PRETRIAL ORDER

This matter having come before the Court on August 25, 2023 at 1:30 p.m., at a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, Heather Moore Collins and Nina Parsley having appeared as counsel for the Plaintiff and James P. Catalano and having appeared as counsel for the Defendant, the following action was taken:

**I.  Recitation**

The Pleadings in this case are amended to conform to the Pretrial Order and this final pretrial order shall supplant the pleadings.

**II.  Basis of Jurisdiction:**

The Court currently has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, as this is a civil case and Plaintiff's claims arise under the laws of the United States, the court has supplemental jurisdiction over Plaintiff's state law claims that were removed to this Court by Defendant. Specifically, Plaintiff alleged discrimination, under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") and under the Tennessee Disability Act ("TDA"). Jurisdiction is not in

1

dispute.

### III. Plaintiff's Theory of the Case:

Justin Evans was terminated because Nashville Film Institute ("NFI") perceived him differently due to his disclosure he had a form of autism. This is a case of employment discrimination under the ADA and TDA, federal and state laws which are intended to protect employees who are discriminated against when they are regarded as disabled or having an impairment under the belief they won't be able to do their job due to the impairment. Mr. Evans moved to Nashville to work for NFI as a cinematography instructor. Mr. Evans informed NFI personnel that he had a form of autism which at times was demonstrated by his blunt communication style. After Mr. Evans disclosed this to several NFI employees and had interactions with other employees, he was regarded as having an impairment that made him too difficult to work with and terminated within days of starting his job.

### IV. Defendant's Theory of the Case:

There is no evidence of employment discrimination in this case. He was neither hired nor fired based on his asserted disability. Plaintiff disclosed his Asperger's Syndrome to NFI prior to hiring on and this did not cause any concerns for NFI's management and did not impact his hiring or treatment as an employee. Plaintiff did not express any need for accommodations due to his Asperger's Syndrome, and never stated to his supervisor, Prema Thiagarajah, that anyone treated him hostilely or differently due to his diagnosis. By his own admission he stated that he was not a good fit and things were not working out. His total employment time with NFI was 8 days. He has been fully compensated for his time and is not entitled to any award of damages.

### V. Statement of the Issues

The issues for trial are: (1) whether Defendant discriminated against Mr. Evans in violation

of the ADA and TDA; and (2) whether Plaintiff can prove damages based on such conduct. The fact issues of liability and the amount of damages are for the jury.

The equitable request for front pay, whether Plaintiff is entitled to payment of his reasonable attorney's fees and costs and, if so, how much; and whether Plaintiff should receive an award of pre- and post judgment interest, and, if so, in what amount, are legal issues for the Court.

## VI. Relief Sought

Plaintiff seeks the following relief:

1. Back Pay under the ADA and TDA;
2. Front Pay benefits under the ADA and TDA or reinstatement;
3. Compensatory damages for embarrassment, humiliation, emotional pain and suffering, stress and anxiety, inconvenience, and loss of enjoyment of life under the ADA and TDA;
4. Punitive damages under the ADA;
5. Attorneys' fees and expenses under ADA and TDA;
6. Declaration that Defendant violated the ADA and TDA;
7. Pre and Post judgment interest.

## VII. Summary of Anticipated Evidentiary Disputes

i. Defendant asserted that it does not have enough employees under the ADA. However. Defendant removed this case from state court to federal court on the basis that federal jurisdiction was proper.

## VIII. Estimated Length of Trial

The estimated length of trial is 3 days.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE

3

Respectfully submitted,

/s/ *Heather M. Collins*
Heather M. Collins, BPR # 26099
Ashley Shoemaker Walter BPR #037651
HMC Civil Rights Law, PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Nina H. Parsley
Michael D. Ponce & Associates, PLLC
400 Professional Park Drive
Goodlettsville, TN 37072
nina@poncelaw.com

*Attorneys for Plaintiff Justin Eugene Evans*

s/ *James Catalano (filed w/ Permission)*
James P. Catalano, BPR # 18585
The Catalano Firm, PLC
P.O. Box 681267
Franklin, TN 37068-1267
Tel (615) 945-2307
Fax (615) 468-8394
jim@catalanofirm.com

Attorney for Defendant

4