IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JUSTIN EUGENE EVANS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO. 3:21-cv-00255** |
| v. ) | |
| ) | **Judge Trauger** |
| **NASHVILLE FILM INSTITUTE, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS[1]
## SUBSTANTIVE LAW

Plaintiff's claims are brought under federal and state laws that prohibit disability based discrimination in the workplace. These laws are the Americans with Disabilities Act and the Tennessee Disability Act, which be referred to as the ADA and TDA in these instructions. The ADA and the TDA are analyzed the same. As a result, these instructions will reflect one instruction for both claims.

Mr. Evans brings this lawsuit alleging that NFI terminated him because it regarded him as having an impairment, in violation of the ADA and TDA. NFI contends that is terminated Mr. Evans because he was disruptive and refused to perform functions of his job.

The ADA and TDA prohibits employers from terminating employees because they regard the employee as having an impairment as defined by the ADA and TDA, which is often referred to as "regarded as" disability discrimination. What this means is that an employer cannot fire an employee because they think the employee has an impairment, even if they do not have an

---

[1] Plaintiff sent a proposed copy of these instructions to Defendant's attorney on 8/26/23, but did not receive feedback.

1

impairment as defined by the ADA or TDA.[2]

---

[2] *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 311 (6th Cir. 2019); 42 USC § 12102(3)(A).

# PROPOSED JURY INSTRUCTION NO.
## TERMINATION BECAUSE OF DISABILITY

To prevail on a claim that NFI discriminated against Mr. Evans, he must prove each of the following elements by a preponderance of the evidence:

1. Mr. Evans was regarded as having a physical or mental impairment;

2. Mr. Evans was a qualified individual as that term is defined in these instructions; and

3. NFI terminated Mr. Evans because it regarded him as having an impairment.[3]

If you find Mr. Evans has proven each of these elements by a preponderance of the evidence, then you must find in his favor.

---

[3] *EEOC v. West Meade Place*, LLP, 841 Fed. Appx. 962, 967, 969 (6th Cir. 2021); *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 311 (6th Cir. 2019). EEOC v. West Meade Place, LLP, No. 3:18-cv00101, Jury Instructions (Campbell, J.).

**PROPOSED JURY INSTRUCTION NO.**
**DEFINITION OF "DISABILITY"**

An individual is "disabled" under the ADA or TDA if he has "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment."

# PROPOSED JURY INSTRUCTION NO.
# DEFINITION OF "IMPAIRMENT"

An impairment refers to a physical or mental impairment, including any mental or psychological disorder, such as an intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities it is not necessary for Mr. Evans to establish that the impairment limits or is perceived to limit the major life activity.

Throughout the trial you have heard the terms "disability" and impairment used interchangeably under the ADA and TDA the definitions of disability includes an impairment.[4]

---

[4] EEOC v. West Meade Place, LLP, No. 3:18-cv00101, Jury Instructions (Campbell, J.).

# PROPOSED JURY INSTRUCTION NO.
## DEFINITION OF "QUALIFIED INDIVIDUAL"

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.[5]

---

[5] See 42 U.S.C. § 12111; 29 C.F.R. § 1630.2(m) (qualified individual).

# PROPOSED JURY INSTRUCTION NO.
## CAUSATION

Mr. Evans does not have to prove that unlawful discrimination was the sole reason NFI treated him differently. To prove that Mr. Evans was discharged "because" he was regarded as having a physical or mental impairment he does not have to prove that it was the only reason for his discharge you need only find that NFI would not have terminated Mr. Evans employment if it had not regarded him as having a physical mental impairment. "Because of" incorporates a "but for" standard, which simply means a defendant cannot avoid liability just by citing some other factor that contributed to its decision. Often, events have multiple but-for causes. So long as regarding Mr. Evans as having a physical or mental impairment was one but-for cause of the decision at issue, that is enough to trigger ADA and TDA liability.[6]

---

[6] EEOC v. West Meade Place, LLP, No. 3:18-cv00101, Jury Instructions (Campbell, J.) (modified). *Bostock v. Clayton Cty.*, 140 S.Ct. 1731, 207 L.Ed. 2d 218, 232 (2020).

# PROPOSED JURY INSTRUCTION NO.
## ADA & TDA DAMAGES — BACK PAY

If you find that NFI has violated Mr. Evans's rights under the ADA or TDA, then you must determine the amount of damages that NFI's actions have caused Mr. Evans. Mr. Evans has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Evans for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Evans would have received from NFI had Mr. Evans not been terminated.

Back pay damages, if any, apply from the time Mr. Evans was placed out of work until the date of your verdict.[7]

---

[7] **Authority:** Third Circuit Model Jury Instructions, 9.4.3 (May 2016).

# PROPOSED JURY INSTRUCTION NO.
# EMOTIONAL DISTRESS DAMAGES

If you find that Plaintiff was discriminated against because he was regarded as having a disability, then you must determine an amount that you find by a preponderance of the evidence is fair compensation for his damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may award damages for any pain, suffering, mental anguish, loss of enjoyment of life, or inconvenience that Plaintiff experienced because of Defendant's discriminatory conduct.

No evidence of the monetary value of such intangible things as pain and suffering, inconvenience or mental anguish has been, or need be, introduced into evidence. You should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or mental anguish the Plaintiff may have experienced, as well as the extent and duration. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

Medical or other expert evidence is not required to prove emotional distress. Mr. Evans own testimony along with the circumstances of his situation can be sufficient to sustain his burden of proving that he should be awarded compensatory damages for emotional distress. In determining the amount of any damages that you decide to award you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the

amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[8]

---

[8] **Authority:** O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions – Civil,* Vol. 3 §§ 170.60 and 171.90 (5th ed. 2001)(modified). EEOC v. West Meade Place, LLP, No. 3:18-cv00101, Jury Instructions (Campbell, J.) (modified).

# PROPOSED JURY INSTRUCTION NO.
# ADA DAMAGES — PUNITIVE DAMAGES

Mr. Evans claims the acts of NFI were done with malice or reckless indifference to his federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of NFI personally acted with malice or reckless indifference to Mr. Evans's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.[9]

---

[9] **Authority:** Third Circuit Model Jury Instructions, 9.4.2 (May 2016).

# PROPOSED JURY INSTRUCTION NO.
## ADA OR TDA DAMAGES — NOMINAL DAMAGES

If you return a verdict for Mr. Evans, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Respectfully submitted,

/s/ *Heather M. Collins*
Heather M. Collins, BPR # 26099
Ashley Shoemaker Walter BPR #037651
HMC Civil Rights Law, PLLC
7000 Executive Center Drive
Building Two, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Nina H. Parsley
Michael D. Ponce & Associates, PLLC
400 Professional Park Drive
Goodlettsville, TN 37072
nina@poncelaw.com

*Attorneys for Plaintiff Justin Eugene Evans*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF system on August 28, 2023 to Counsel of record:

James P. Catalano
P.O. Box 681267
Franklin, TN 37068
Fax (615) 468-8394
jim@catalanofirm.com

*Attorney for Defendant, NFI*

                                                  */s/ Heather Moore Collins*
                                                  Heather Moore Collins