**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **JUSTIN EUGENE EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 3:21-cv-00255** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **NASHVILLE FILM INSTITUTE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# <u>JURY INSTRUCTIONS</u>

1

## GENERAL INTRODUCTION–PROVINCE OF THE COURT AND JURY

<u>Members of the Jury:</u>

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The lawyers may have referred to some of the governing rules of law in their arguments. If, however, there is any difference between the law as stated by the lawyers and that stated in these instructions, you are, of course, to follow these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence. Nothing else is evidence. My legal rulings are not evidence, and my comments and questions are not evidence. The opening statements and closing arguments of the lawyers are not evidence. Questions asked by the lawyers of witnesses are not evidence.

During the trial I did not let you hear the answers to some of the questions that were asked. You must completely ignore those questions. Do not even think about them. Do not speculate about what a witness might have said. They are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened? Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying? Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other. And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's

believability. Use your common sense and your everyday experience in dealing with other people.

And then decide what testimony you believe, and how much weight you think it deserves.

## **DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited. Failure of recollection is a common experience, and innocent mistakes recalling certain facts are not uncommon. Two persons witnessing the same incident or transaction often will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

## **IMPEACHMENT–INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other particulars, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## ORDINARY OBSERVATIONS AND EXPERIENCES

In reaching your verdict, you are to consider only the evidence in this case. However, you are not required to set aside your common sense, and you have the right to weigh the evidence in the light of your own observations and experiences.

## BURDEN OF PROOF GENERALLY

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as it is that the other side is right -- then you must decide that issue against the party having the burden of proof. That is because the party bearing the burden must prove more than simple equality of evidence. On the other hand, the party with the burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof, then that element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

11

## SUBSTANTIVE LAW

Plaintiff's claims are brought under federal and state laws that prohibit disability based discrimination in the workplace. These laws are the Americans with Disabilities Act and the Tennessee Disability Act, which are referred to as the ADA and TDA in these instructions. The ADA and the TDA are analyzed the same. As a result, these instructions will reflect one instruction for both claims.

Mr. Evans brings this lawsuit alleging that NFI terminated him because it regarded him as having an impairment, in violation of the ADA and TDA. NFI contends that it terminated Mr. Evans because he was disruptive and refused to perform functions of his job.

The ADA and TDA prohibit employers from terminating employees because they regard the employee as having an impairment as defined by the ADA and TDA, which is often referred to as "regarded as" disability discrimination. What this means is that an employer cannot fire an employee because they think the employee has an impairment, even if they do not have an impairment as defined by the ADA or TDA.

## **TERMINATION BECAUSE OF DISABILITY**

To prevail on a claim that NFI discriminated against Mr. Evans, he must prove each of the following elements by a preponderance of the evidence:

1.    Mr. Evans was regarded as having a mental impairment;

2.    Mr. Evans was a qualified individual as that term is defined in these instructions; and

3.    NFI terminated Mr. Evans because it regarded him as having an impairment.

If you find Mr. Evans has proven each of these elements by a preponderance of the evidence, then you must find in his favor.

## DEFINITION OF "DISABILITY"

An individual is "disabled" under the ADA or TDA if he has (A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) regarded as having such an impairment.

## DEFINITION OF "IMPAIRMENT"

An "impairment" refers to a physical or mental impairment, including any mental or psychological disorder, such as an intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities. It is not necessary for Mr. Evans to establish that the impairment limits or is perceived to limit the major life activity.

Throughout the trial you have heard the terms "disability" and "impairment" used interchangeably. Under the ADA and TDA the definition of disability includes an impairment.

## DEFINITION OF "QUALIFIED INDIVIDUAL"

The term "qualified individual" means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position in order to be considered qualified.

Case 3:21-cv-00255    Document 69    Filed 08/30/23    Page 15 of 31 PageID #: 439

## <u>CAUSATION</u>

Mr. Evans does not have to prove that unlawful discrimination was the sole reason NFI treated him differently. To prove that Mr. Evans was discharged "because" he was regarded as having a mental impairment, he does not have to prove that it was the only reason for his discharge; you need only find that NFI would not have terminated Mr. Evans's employment if it had not regarded him as having a mental impairment.

## ADA & TDA DAMAGES — BACK PAY

If you find that NFI has violated Mr. Evans's rights under the ADA or TDA, then you must determine the amount of damages that NFI's actions have caused Mr. Evans. Mr. Evans has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Mr. Evans for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Mr. Evans would have received from NFI, had Mr. Evans not been terminated.

Back pay damages, if any, apply from the time Mr. Evans was placed out of work until the date of your verdict.

18

## COMPENSATORY DAMAGES

If you find that Mr. Evans was discriminated against because he was regarded as having a disability, then you must determine an amount that you find by a preponderance of the evidence is fair compensation for his damages. You may award compensatory damages only for injuries that he proves were caused by NFI's allegedly wrongful conduct. The damages that you award must be fair compensation—no more and no less. You may award damages for any pain, suffering, mental anguish, loss of enjoyment of life, or inconvenience that Mr. Evans experienced because of NFI's discriminatory conduct.

No evidence of the monetary value of such intangible things as pain and suffering, inconvenience or mental anguish has been, or need be, introduced into evidence. You should consider the nature, character, and seriousness of any pain and suffering, inconvenience, or mental anguish the Plaintiff may have experienced, as well as the extent and duration. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

Medical or other expert evidence is not required to prove emotional distress. Mr. Evans's own testimony, along with the circumstances of his situation, can be sufficient to sustain his burden of proving that he should be awarded compensatory damages for emotional distress. In determining the amount of any damages that you decide to award you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the

19

amount of his damages with mathematical precision, but only with as much definiteness and

accuracy as circumstances permit.

20

## ADA DAMAGES — PUNITIVE DAMAGES

Mr. Evans claims that the acts of NFI were done with malice or reckless indifference to his federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of NFI personally acted with malice or reckless indifference to Mr. Evans's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

## ADA OR TDA DAMAGES — NOMINAL DAMAGES

If you return a verdict for Mr. Evans, but he has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE

The court has given you instructions embodying various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you find to be the facts. That I have instructed you on various subjects in this case including that of damages must not be taken as indicating an opinion of the court on what you should find the facts to be or on which party is entitled to your verdict.

## HOW JURORS SHOULD APPROACH THEIR TASK

The attitude and conduct of jurors at the beginning of their deliberations are very important. It is rarely productive or good for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. When a juror does that, his sense of pride may be aroused and he may hesitate to recede from an announced position if shown that it is wrong. Remember that you are not partisans or advocates in this matter, but judges.

## **SYMPATHY AND PREJUDICE**

Sympathy or prejudice must not enter into your deliberation as jurors, no matter what your sympathy or prejudice may lead you to think. Sympathy or prejudice has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as the court gives it to you.

## USE OF JUROR NOTES

Some of you may have taken notes during the trial.  Once you retire to the jury room you may refer to your notes, but only to refresh your own memory.  Your notes are not evidence.  You may not read from your notes to your fellow jurors or otherwise inform them of what you have written.  The notes may contain errors or they may be misunderstood or taken out of context.  The notes may only pertain to part of the testimony and may not be an exact account of what was said by a witness.  You are free to discuss the testimony of the witnesses with your fellow jurors but each juror must rely on his or her own memory as to what a witness did or did not say.

## <u>THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR</u>
## <u>COMMUNICATE ABOUT A CASE</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

Forms of verdict have been prepared for your convenience.

[Forms of verdict read.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## <u>VERDICT FORMS–JURY'S RESPONSIBILITY</u>

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## <u>VERDICT -- UNANIMOUS -- DUTY TO DELIBERATE</u>

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is in error. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

30

## CHANCE OR QUOTIENT VERDICT PROHIBITED

The law forbids you to determine any issue in this case by chance. Thus, if you decide that a party is entitled to recover, you must not arrive at the amount of damages to be awarded by agreeing in advance to take each juror's independent estimate of the amount to be awarded, to total those amounts, to divide the total by the number of jurors and to make that resulting average the amount you award.

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should even attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.